UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
THE GREAT PACIFIC, INC.                  :
                                         :
            Plaintiff,                   :        3:13 CV _____
                                         :
      - against -                        :        ECF CASE
                                         :
SANGAMON TRANSPORTATION GROUP,           :        July 10, 2013
                                         :
            Defendant.                   :
------------------------------------------------------------X

## COMPLAINT

Plaintiff, THE GREAT PACIFIC, INC. (hereinafter "Plaintiff" or "Owners"), by and through its attorneys, Lennon, Murphy, Caulfield & Phillips, LLC, as and for its Complaint against the Defendant, SANGAMON TRANSPORTATION GROUP (hereinafter "Defendant" or "Charterers"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter of the Hong Kong-flagged motor vessel *POS GLORY*.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in Liberia.

3. Upon information and belief, Defendant was, and still is, a Connecticut corporation or other business entity with a principal place of business at 40 Danbury Road, Wilton, Connecticut.

4. At all times material to this action, Plaintiff was the disponent owner of the vessel *POS GLORY* (hereinafter "the Vessel"), an ocean going bulk carrier that it time chartered to

Defendant at the rate of $35,450 per day pursuant the parties' time charter party contract dated December 13, 2006. A true and accurate copy of the charter party contract is attached as Exhibit "A".

5. The Charter Party provided, among other terms, that "the said Owners agree to let, and the said Charterers agree to hire the said vessel, from the time of delivery, for a Timecharter period of about four months to about six months in Charterers' option where "about" means 15 days more/less via safe anchorage(s), safe berth(s), safe port(s) always afloat, always within Institute Warranty Limits, always within trading limits with harmless, non-hazardous, non-dangerous cargo in bulk only within below mentioned trading limits. Charterers to have liberty to sublet the vessel for all or any part of the time covered by this Charter, but Charterers remaining responsible for the fulfillment of this Charter Party."

6. Plaintiff duly performed all of its obligations that it was required to perform under the charter party, including delivering the Vessel into Defendant's service and making the Vessel available to Defendant during the pendency of the time charter period.

7. Defendant breached the charter party contract by failing to pay the sum of $896,396.12 that is due and owing to Plaintiff by Defendant under their agreement as is more particularly itemized on the attached Final Hire Statement that Plaintiff issued to Defendant. The Final Hire Statement evidencing the balance owed by Defendant is attached as Exhibit "B". A portion of Plaintiff's claim relates to repair costs and other expenses arising out of grounding damage at a port which has been alleged to have been unsafe.

8. Defendant's breach of the charter party contract was not legally justified and, therefore, Plaintiff is entitled to damages in the principal amount of $896,396.12 as provided for by the agreement.

9.      Plaintiff has properly brought this breach of contract action in the District of Connecticut because Defendant's principal place of business is in Wilton, Connecticut and because the choice of law/forum selection clause (Clause 17) provides, in part, that "English Law/ London Arbitration to apply for claims amounting up to U.S. $100,000 (One Hundred Thousand Dollars)".

**WHEREFORE**, Plaintiff prays:

A.      That the Court enter Judgment against Defendant on the claims set forth herein;

B.      That the Court award Plaintiff its attorneys' fees, pre-judgment interest as required under admiralty law, and costs of this action; and

C.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 10, 2013
       Southport, CT

> The Plaintiff,
> THE GREAT PACIFIC, INC.
>
> By: /s/ Charles E. Murphy
> Charles E. Murphy (CM 18784)
> LENNON, MURPHY, CAULFIELD & PILLIPS, LLC
> Tide Mill Landing
> 2425 Post Road, Suite 302
> Southport, CT 06890
> Phone (203) 256-8600
> Fax (203) 256-8615
> cem@lenmur.com

3